UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JOSE RAPHAL REYES,** | ) |
| | ) |
|        **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:22-cv-00213-JAW |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|        **Defendant** | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Having granted the Plaintiff Jose Raphal Reyes's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Reyes's complaint.

**I. Legal Standard**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In a rambling and largely incoherent complaint, Reyes alleges a widespread conspiracy between and among the Roman Catholic Church, Cuba, the Dominican Republic, Germany, and the United States of America. *See* Complaint (ECF No. 1) at 1. He states that "he was exploited by these governments by explo[i]ting him to foreign agencies who were part of an occultic order controlled by and from the Roman Catholic Church." *Id.* at 2. He accuses the United States of using "the early breakfast program and other gover[n]mental programs to administer and gain focal points to gain control of and administer control over people in this country who [were] not part

2

of the Roman Catholic Church or other parties that they had control over with the Pope." *Id.* at 5. He also alleges that he (1) was kidnapped, (2) was recruited to a school program in Massachusetts by several well-known public figures, (3) has diplomatic immunity, and (4) "was introduced to the crime culture of living" by eating food that people had used to clean themselves. *Id.* at 2-6. He brings suit against the United States under the "Abolishing Act" for "Jim Crow Law and Dutch Slave trade" exploitation and seeks "300 trillion dollar[s] for all damages to his person." *Id.* at 1, 8.

### III. Discussion

Even with a liberal reading of Reyes's complaint, I am unable to discern any plausible claim upon which relief may be granted. Rather, Reyes's fantastic and delusional claims are plainly frivolous and should be dismissed. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that claims are frivolous under section 1915 when they are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional" (cleaned up)).

Moreover, even setting issues of frivolity aside, dismissal is warranted because Reyes has failed to demonstrate that the United States has waived its sovereign immunity with respect to his claims. *See United States v. Testan*, 424 U.S. 392, 399 (1976) ("It long has been established, of course, that the United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up)); *Mullen v. Gen. Hosp., Legazpi Philippines*, No. 13-11283-GAO, 2014 WL 575456, at *2 (D. Mass. Feb. 4, 2014) (dismissing a complaint where the plaintiff "failed to

demonstrate a waiver of sovereign immunity with respect to his claim for monetary damages against the United States").

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: July 26, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge